IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-HC-2105-FL

| | |
|---|---|
| DERICK FALLIN,  )<br> )<br>Petitioner,  )<br> )<br>v.  )<br> )<br>WARDEN LEU,  )<br> )<br>Respondent.  ) | ORDER |

This matter is before the court on respondent's motion to dismiss or in the alternative for summary judgment (DE 8), which the court construes as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The motion was briefed fully and in this posture the issues raised are ripe for ruling.

### STATEMENT OF THE CASE

Petitioner, a federal inmate proceeding pro se, commenced this action by filing petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 16, 2020. Petitioner challenges the Federal Bureau of Prisons' ("FBOP") denial of prior custody credit when calculating his release date.

On April 14, 2021, respondent filed the instant motion to dismiss, or in the alternative for summary judgment, supported by memorandum of law, statement of material facts, and appendix of exhibits comprising the following: 1) declaration of Veronica Hodge, a management analyst with the FBOP's designation and sentence computation center; 2) records from petitioner's federal and state criminal cases; and 3) electronic correspondence between the FBOP and the Maryland

Department of Corrections. Respondent argues the FBOP awarded petitioner all prior custody credit that he is eligible for under federal law, and the petition therefore is without merit. Petitioner responded in opposition on May 7, 2021, supported by memorandum of law.

## STATEMENT OF FACTS

The relevant facts are not disputed. On October 10, 1996, petitioner was arrested by state authorities in Baltimore, Maryland, for drug and firearm offenses. (Hodge Decl. (DE 11-1) ¶ 3). He was released on bond on October 13, 1996. (Id.). On October 28, 1996, the United States Marshals Service executed "mandatory release violator" arrest warrant as to petitioner, in connection with his prior federal criminal proceeding in the United States District Court for the District of Colorado. (Id. ¶ 4). Petitioner was then transferred to the District of Colorado. (Id.). On March 28, 1997, the District of Colorado sentenced petitioner to 1,112 days' imprisonment. (Id.).

On April 15, 1997, while in FBOP custody, petitioner was sentenced to five years' imprisonment for the Maryland offenses. (Id. ¶ 5). The state court ordered the sentence to commence immediately. (Id.). On September 11, 1998, petitioner completed the mandatory release violator sentence and he was transferred directly to the Maryland Department of Corrections to continue service of the five-year state term. (Id.). On March 22, 2001, petitioner was released from state custody. (Id. ¶ 7).

On July 12, 2006, petitioner was arrested by state authorities in Maryland on various drug and firearms charges. (Id. ¶ 8). He was released on bond two days later. (Id.). These charges ultimately were dismissed while petitioner was on bond. (Id.).

Maryland state authorities again arrested petitioner on July 2, 2008, on two counts of

second-degree assault. (Id. ¶ 9). He was released on bond two days later. (Id.). One of these cases was placed on an inactive docket, and the other was dismissed. (Id.).

On February 19, 2010, Maryland authorities arrested petitioner for drug offenses. (Id. ¶ 10). He was released on bond two days later. (Id.). While these cases were pending, indictment was returned June 28, 2011, in the United States District Court for the District of Maryland, charging petitioner with conspiracy to participate in racketeering enterprise, conspiracy to commit murder in aid of racketeering, conspiracy to distribute and possess with intent to distribute controlled substances, possession of a firearm by a convicted felon, and possession with intent to distribute controlled substances. (Id. ¶ 11); see also United States v. Fallin, No. 1:11-CR-353-RDB (D. Md. June 28, 2011). United States Marshals arrested petitioner for these charges on July 6, 2011. (Hodge Decl. (DE 11-1) ¶ 12). The District of Maryland ordered him detained pending trial. (Id. ¶ 11). While in federal custody pending arraignment, the February 19, 2010, state drug charges were dismissed. (Id. ¶ 13).

On May 22, 2012, defendant pleaded guilty, pursuant to a written plea agreement, to conspiracy to participate in a racketeering enterprise and conspiracy to commit murder in aid of racketeering. United States v. Fallin, No. 1:11-CR-353-RDB (D. Md. May 22, 2012). On August 20, 2012, the District of Maryland sentenced petitioner to 180 months' imprisonment and five years' supervised for the racketeering conviction, and a concurrent term of 120 months' imprisonment and five years' supervised release for the conspiracy to commit murder conviction. United States v. Fallin, No. 1:11-CR-353-RDB (D. Md. August 20, 2012). The sentencing court ordered that petitioner receive credit for time served in federal custody since his arrest on July 6, 2011. Id.; (Hodge Decl. (DE 11-1) ¶ 14).

The FBOP determined that petitioner's sentence commenced on August 20, 2012, the date it was imposed. (Hodge Decl. (DE 11-1) ¶ 15). Petitioner was awarded prior custody credit of 420 days, based on the following periods of pretrial detention: July 12 through July 14, 2006; July 2 through July 4, 2008; February 19 through February 21, 2010; and July 6, 2011, through August 19, 2012. (Id.).

## DISCUSSION

A.  Standard of Review

Summary judgment[1] is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Pursuant to § 2241, a federal court may issue a writ of habeas corpus to a federal prisoner

---

[1] Because the instant motion relies on matters outside the pleadings, the court construes the motion as one of summary judgment. See Fed. R. Civ. P. 12(d). The court provided petitioner notice, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that the motion may be so construed. (See DE 13). Petitioner also relies on Federal Rule of Civil Procedure 12(b)(1), which permits challenges to the court's subject matter jurisdiction. Respondent, however, has not established that the court lacks subject matter jurisdiction. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc) (permitting federal prisoners to challenge execution of their sentence under § 2241).

4

if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). "[A]ttacks on the execution of a [federal] sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc). A federal prisoner challenges the execution of his sentence when he contests, as here, the FBOP's "administrative rules, decisions, and procedures applied to his sentence." In re Wright, 826 F.3d 774, 777 (4th Cir. 2016).

As noted above, petitioner challenges the FBOP's calculation of his prior custody credit. In order to assess whether petitioner is entitled to additional credit on his federal sentence, the court must determine: 1) the date on which the federal sentence commenced, and 2) the amount, if any, of prior custody credit to which petitioner is entitled for time served prior to commencement of the federal sentence. 18 U.S.C. § 3585; see United States v. Wilson, 503 U.S. 329, 330 (1992).

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Thus, a federal sentence cannot commence prior to the date it is imposed. See United States v. Evans, 159 F.3d 908, 911–12 (4th Cir. 1998); Barnes v. Masters, 733 F. App'x 93, 96 (4th Cir. 2018). Here, as the parties agree, petitioner's sentence commenced on August 20, 2012, the date it was imposed. (Hodge Decl. (DE 11-1) ¶ 15).

Turning to the issue of prior custody credit, 18 U.S.C. § 3585(b) provides that

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

    (1) as a result of the offense for which the sentence was imposed; or

5

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The FBOP therefore is precluded from awarding prior custody credit if the time has "been credited against another sentence." 18 U.S.C. § 3585(b); see Wilson, 503 U.S. at 335 ("Congress made clear that a defendant could not receive double credit for his detention time."). Here, the FBOP properly denied petitioner's requests for additional prior custody credit beyond the 420 days he received. (See Hodge Decl. (DE 11-1) ¶ 15). Petitioner is not entitled to credit the time served between October 10 and 13, 1996, or October 28, 1996, through March 22, 2001, because that time was credited to other state and federal sentences. (Id. ¶¶ 3–7).

Petitioner argues that § 3585(b) is "discretionary" because subsections (b)(1) and (b)(2) of the statute are set forth in the disjunctive, and therefore the FBOP can award him prior custody credit even though that time was credited to other sentences. (Pet'r's Mem. (DE 13) at 3–4). While it is true that subsections (b)(1) and (b)(2) are joined by the disjunctive "or," the relevant language in the statute, "that has not been credited against another sentence" applies to both of these subsections. See 18 U.S.C. § 3585(b). The statute is mandatory with respect to the relevant issue here: petitioner cannot obtain prior custody credit for time credited against another sentence. Id.; Wilson, 503 U.S. at 335.

Finally, petitioner is not entitled to additional prior custody credit under Willis v. United States, 438 F.2d 923 (5th Cir. 1971). This limited exception to § 3585(b) allows the FBOP to grant prior custody credit, even if it results in double credit on two sentences, when two conditions are met: 1) an inmate's state and federal sentences run concurrently; and 2) the federal sentence

full term release date is equal to or greater than the state sentence full term release date. 438 F.2d at 925. Here, petitioner's October 28, 1996, federal mandatory release violator sentence and his April 15, 1997, state sentence were in part concurrent sentences. (Hodge Decl. (DE 11-1) ¶¶ 4–5). Petitioner, however, was released from his federal mandatory release violator sentence on September 11, 1998, and returned to the Maryland Department of Corrections to complete the remaining portion of the April 15, 1997, sentence. (Hodge Decl. (DE 11-1) ¶ 6). Petitioner is not entitled to <u>Willis</u> credit because his full-term release date for the state sentence exceeded the federal sentence. See 438 F.2d at 925.

In sum, the FBOP did not err when calculating petitioner's prior custody credit.

## CONCLUSION

Based on the foregoing, respondent's motion for summary judgment (DE 8) is GRANTED. A certificate of appealability is DENIED, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 31st day of March, 2022.

_____<br>
LOUISE W. FLANAGAN<br>
United States District Judge